# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60076
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2015

Lyle W. Cayce
Clerk

ROBERT C. LEHMAN,

      Plaintiff - Appellant

v.

THOMAS PAYNE,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CV-250

Before DAVIS, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant Robert C. Lehman appeals the district court's summary judgment dismissing with prejudice his claim of legal malpractice against his former attorney, Defendant-Appellee Thomas Payne. The district court granted summary judgment on two independent grounds: (1) his claim of legal malpractice is time-barred under the applicable three-year statute of

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60076

limitations, and (2) he cannot prevail on his negligence-based claim because he has failed to offer any expert testimony in support. "We review the district court's grant of summary judgment de novo, construing all facts and evidence in the light most favorable to the non-moving party."[1] Applying this standard, we agree the action is time-barred; we need not reach the alternative ground.

Lehman, who is an attorney himself but is not licensed to practice in Mississippi, hired Payne in 2009 to represent him in a legal dispute over property in Mississippi that was potentially subject to a condemnation proceeding by the Mississippi Department of Transportation. Lehman had already filed a Louisiana state court action concerning the ownership of the property against his former business partner, Louis Normand, and various entities in which Normand was involved. In September 2009, Lehman directed Payne to file in the Mississippi state court proceeding a notice of lis pendens relating to the Louisiana lawsuit, which Payne did.

In January 2010, Payne informed him that a cross-claim had been filed in the Mississippi suit alleging the notice of lis pendens had been filed frivolously. Payne reportedly informed Lehman that his goal was to have the cross-claim dismissed on jurisdictional grounds or at least stayed pending resolution of the Louisiana suit. Payne in fact filed a motion to dismiss on jurisdictional grounds, and it was set for hearing on April 20, 2010. Lehman alleges that following the hearing, which Lehman did not attend on Payne's advice, Payne essentially told him, in inconclusive terms, that the hearing covered only the single issue of jurisdiction.

In fact, the hearing concerned the entire cross-claim against Lehman in addition to the jurisdictional issue. In a June 4, 2010 letter from the

---

[1] *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015) (citing *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009)).

No. 15-60076

Mississippi state court, which Lehman received by fax on June 9, 2010, the court stated that it had determined that the lis pendens had been filed maliciously, and it imposed against Lehman sanctions and attorney's fees (in excess of $32,000), plus costs and interest. On June 18, 2010, nine days after receiving this letter, Lehman visited the courthouse and examined the record. He ordered a transcript of the hearing, which he received in July 2010.

Lehman filed this action asserting a claim of legal malpractice on June 11, 2013. As the district court properly noted, a legal malpractice claim is subject to a three-year statute of limitations under Mississippi law, running from the time Lehman "discovered, or by reasonable diligence should have discovered, the injury."[2] Thus, the sole relevant question is when Lehman reasonably should have discovered his injury.

Lehman claims he could not have discovered his injury until he examined the court record (June 18, 2010) or reviewed the actual transcript of the hearing (July 2010), either of which would have made this action timely under the three-year statute of limitations. The district court concluded, on the other hand, that Lehman either "discovered, or by reasonable diligence should have discovered, the injury" on June 9, 2010, when he received the letter from the court fully informing him of the outcome of the hearing, which contradicted what he claims Payne had told him. We fully agree with the district court's reasoning and its conclusion. Because Lehman's cause of action arose on June 9, 2010, more than three years prior to his filing suit on June 11, 2013, it is time-barred, and the district court properly dismissed it on summary judgment. We need not address the alternative ground for dismissal.

AFFIRMED.

---

[2] *Evans v. Howell*, 121 So. 3d 919, 323 (Miss. Ct. App. 2013).